UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:24-cv-04523-MCS-AJR** | Date | September 10, 2024 |
|---|---|---|---|
| Title | ***ECR4Kids, L.P. v. dbest prods., Inc.*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER ON MOTION TO DISMISS (ECF NO. 46)**

Defendant dbest products, Inc. filed a motion to dismiss Plaintiff ECR4Kids, L.P.'s first amended complaint. (Mot., ECF No. 46.) Plaintiff opposed the motion, (Opp'n, ECF No. 50), and Defendant replied, (Reply, ECF No. 53). The Court heard argument on August 26, 2024. (Mins., ECF No. 55.)

## I.    BACKGROUND

According to the first amended complaint, Plaintiff and Defendant are competitors who both sell carts on Amazon. (FAC ¶ 17, ECF No. 4.) Prior to the initiation of this lawsuit, Defendant contacted Amazon and requested that it take down Plaintiff's carts, alleging they infringed U.S. Patent No. 11,338,835 ("the '835 Patent"), which Defendant purports to own. (*Id.* ¶¶ 4, 18.) Amazon complied with Defendant's request and removed the carts. (*Id.* ¶ 19.) Plaintiff initiated a declaratory judgment action against Defendant in the United States District Court for the District of New Jersey seeking declarations that Plaintiff's carts do not infringe the '835 Patent, that the '835 Patent is invalid, and that the '835 Patent is unenforceable. (*See generally* FAC.) Plaintiff also asserts a state-law claim for intentional interference

with business relations.[1] The case was transferred to this Court. (*See* Transfer Order, ECF No. 25.)

Defendant argues the Court lacks subject-matter jurisdiction over Plaintiff's first three claims for declaratory judgment because no case or controversy exists. Defendant also argues the Court should decline to exercise supplemental jurisdiction over the state law claim—the only claim that gives rise to an actual controversy—given there are no remaining federal questions before the Court. (Mot. 5–13.) Defendant separately argues all of Plaintiff's claims fail to state a plausible claim upon which relief can be granted. (*Id.* at 14–20.)

## II.    LEGAL STANDARD

Given the disposition of this motion, the Court need only recite the legal standard for Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (cleaned up). The court need not accept the allegations in the complaint as true. *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Leite*, 749 F.3d at 1121.

## III.    DISCUSSION

### A.    Claims I–III

"Under the Declaratory Judgment Act, a federal court 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought,' but only '[i]n a case of actual controversy.'"

---

[1] Though Plaintiff does not precisely plead which law animates its claim, the Court assumes it arises under the California common law tort of interference with contractual relations or interference with prospective economic advantage given the authorities Plaintiff cites in its brief. (*See* Opp'n 22–24.)

*United States v. Schlenker*, 24 F.4th 1301, 1306 (9th Cir. 2022) (alteration in original) (quoting 28 U.S.C. § 2201(a)). This "actual controversy" requirement is the same as the "case or controversy" requirement under Article III. *Id.*

Plaintiff's first three claims arise from Defendant's initial request to Amazon, made prior to the initiation of this lawsuit, to take down Plaintiff's carts on the basis that they infringed the '835 Patent. (*See generally* FAC ¶¶ 4–21.) In parallel briefing on a motion to dismiss filed in the transferor court, Plaintiff proposed, and Defendant agreed to be bound by, a covenant not to sue Plaintiff for infringement based on Plaintiff's current and past cart designs. (*See* Samuel Decl. Ex. B, ECF No. 46-4 (correspondence from Plaintiff's counsel proposing an acceptable covenant not to sue); Samuel Decl. ¶ 3, ECF No. 46-2 (representing Defendant accepted that language); Samuel Decl. ISO Reply ISO Prior Mot. to Dismiss ¶ 11, ECF No. 21-1 (same).) Plaintiff argues the covenant does not eliminate the controversy because: (1) there is insufficient evidence that Plaintiff agreed to a covenant—and even if there were, the covenant is defective because it lacks prospectivity; (2) there is insufficient evidence Defendant agreed to a covenant and, thus, there is no evidence Defendant is bound by the covenant; (3) there are several versions of the covenant, and it is not clear which would be operative, assuming it was otherwise valid; (4) the covenant is invalid under the statute of frauds; (5) the covenant does not eliminate all controversies, namely, informal infringement claims against third parties or making a complaint to the United States International Trade Commission; and (6) the covenant does not eliminate the controversy under California law on Plaintiff's fourth claim. (Opp'n 11–18.)

Many of Plaintiff's arguments either are based on a fundamental misunderstanding of covenants or are disingenuous. For instance, there is only one version of the covenant that Plaintiff previously represented was acceptable to it and to which Defendant purports to be bound in its motion. The covenant states:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue ECR4Kids, LP, its distributors and its customers, for infringement of any claim of U.S. Patent No. 11,338,835 ("the '835 Patent") based on any product that ECR4Kids makes, will have made, sells, uses, offers for sale or imports, or any product that ECR4Kids made, had made, sold, used, offered for sale, or imported, at any time before and after the date of this covenant, including but not limited to the products identified in ECR4Kids'

complaint in Civil Action No. 23-2675 in the District of New Jersey, bearing Amazon ASIN Nos. B006XQ7FGM, B01MRD19DQ, and B007CDOXO2. This covenant shall also apply to all future owners of the patent and any future owners and/or successors in interest of ECR4Kids, L.P.

(Samuel Decl. Ex. B; *see* Mot. 7; Samuel Decl. ¶ 3.)

Plaintiff's first four arguments based on contract requirements are irrelevant. First, it is irrelevant that Plaintiff did not agree to the terms of the covenant because Defendant agreed to be bound by it both in its briefing and at the hearing on this motion. (Mot. 7; Samuel Decl. ¶ 3.) This is sufficient to bind Defendant to the terms of the covenant and to enforce the covenant against it. *Clifford v. Trump*, No. CV 18-02217 SJO (FFMx), 2019 U.S. Dist. LEXIS 153833, at *28–29 (C.D. Cal. Mar. 7, 2019) (finding statement by counsel on the record confirming a written promise not to sue legally bound the represented party). Plaintiff's failure to affirmatively agree to the terms of the covenant is inconsequential—Defendant's representations to the Court "regarding the scope and enforceability of its Covenant made to the Court to obtain dismissal of this action[] are binding as a matter of judicial estoppel." *Sonix Tech v. Yoshida*, No. 12cv380-CAB-DHB, 2015 U.S. Dist. LEXIS 184800, at *9–10 (S.D. Cal. Dec. 30, 2015). Thus, the covenant is operational, enforceable against Defendant, and extinguishes any controversy that could arise between Defendant and Plaintiff based on Plaintiff's products and the '835 Patent within the ambit of the covenant. *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) ("[A] covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because it eliminates any case or controversy between the parties."). Relatedly, Plaintiff's claim that the covenant violates the statute of frauds is inapposite given that the statute only applies to contracts—and, by Plaintiff's own admission, (Opp'n 11–12), Plaintiff did not agree to the terms of the covenant, and thus no contract was formed. *See* Cal. Civ. Code § 1624[2] ("The following *contracts* are invalid . . . ." (emphasis added)); *see also Winchester Drive-In Theatre, Inc. v. Warner Bros. Pictures Distrib. Corp.*, 358 F.2d 432, 434 n.3 (9th Cir. 1966) ("Without a contract, the statute of frauds does not apply."); *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("The party alleging a contract must show a mutual intent to contract including an offer, an acceptance, and consideration."). Thus, the statute of frauds does not apply.

---

[2] Again, the Court assumes Plaintiff raises this argument pursuant to California law given Plaintiff's invocation of California law in the opposition.

Finally, Plaintiff's half-baked argument that the lack of prospectivity in the covenant renders it defective is inapposite—as Plaintiff's counsel agreed at the hearing on this motion, future products are not at issue here, and thus Plaintiff does not have a basis to take a position on these nonexistent future products. The purpose of the covenant is to remove any reasonable apprehension of suit for infringement of the '835 Patent based on Plaintiff's past and current product designs. *Twitter, Inc. v. Voip-Pal.Com, Inc.*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221, at *25 (N.D. Cal. Aug. 30, 2021) (covenant not to sue for infringement involving current products or past products divested the court of subject-matter jurisdiction because it addressed all the issues raised by the declaratory judgment plaintiff). Thus, the covenant is binding upon Defendant and can be enforced against it. Plaintiff's first four arguments opposing the applicability of the covenant fail.

Plaintiff's fifth argument, that a controversy exists because the covenant does not preclude Defendant from initiating informal infringement claims, does not establish a controversy. First, Plaintiff argues that the covenant does not preclude Defendant from "menac[ing]" Plaintiff by sending subsequent takedown notices to third parties like that which it sent to Amazon prior to the initiation of this lawsuit. (Opp'n 17.) However, Plaintiff's subjective, speculative fear is incapable of giving rise to an actual controversy. The Federal Circuit has underscored that "a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (discussing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). Thus, Plaintiff's speculation that Defendant might send further takedown notices to a third party does not give rise to a current controversy. Second, Plaintiff argues that the covenant does not preclude Defendant from submitting a claim to the United States International Trade Commission ("ITC"), which possibility establishes a controversy. However, this fear is again too speculative to give rise to a current controversy which the Court has jurisdiction to adjudicate. *Prasco, LLC*, 537 F.3d at 1339. Moreover, a covenant like the one binding Defendant precludes it from initiating litigation—including an ITC action. *See Tex. Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1331 (Fed. Cir. 2000) (determining ITC suit fell within the scope of agreement regarding "litigation").[3]

---

[3] Although the promise made here does not involve the term "litigation" as interpreted in *Texas Instruments*, Defendant has taken the position that its covenant not to sue envelops ITC actions. (Reply 5 (citing *Tex. Instruments*, 231 F.3d at

Thus, no controversy exists because of Plaintiff's fear that Defendant might initiate
an ITC action against it.

Thus, the Court has no jurisdiction over the first three claims because no
controversy exists.

## B.    Claim IV

The Court having found Plaintiff's first three claims fail to establish a
controversy between the parties, all claims within the Court's original jurisdiction
have been resolved. Plaintiff's fourth claim arises under state law. (*See* FAC ¶¶ 22–
24; Opp'n 22–24.) Assuming there is no other basis for original jurisdiction over
Plaintiff's fourth claim,[4] the Court may decline supplemental jurisdiction over the
balance of the case. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ v. Cohill*, 484
U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are
eliminated before trial, the balance of factors . . . will point toward declining to
exercise jurisdiction . . . ."); *see Hughley v. Greenwald*, No. 2:20-cv-06246-MCS-
PLA, 2021 U.S. Dist. LEXIS 121319, at *2–3 (C.D. Cal. June 29, 2021) (Scarsi, J.)
(declining supplemental jurisdiction and remanding case following dismissal of
claims over which the Court had original jurisdiction). Plaintiff argues the Court
should exercise supplemental jurisdiction over this fourth claim because the Court
must resolve other questions of patent validity which the Court has original
jurisdiction to hear. (Opp'n 21–22.) However, as discussed above, the Court does
not have original jurisdiction over Plaintiff's first three claims given the lack of an
actual controversy. There is no federal question for this Court to address. Thus, the
Court dismisses Plaintiff's fourth claim without prejudice.

## C.    Leave to Amend

The Court denies leave to amend the complaint. "Dismissal without leave to
amend is proper if it is clear that 'allegation of other facts consistent with the
challenged pleading could not possibly cure the deficiency.'" *Great Minds v. Office
Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019) (quoting *Montz v Pilgrim Films &
Television, Inc.*, 649 F.3d 975, 984 n.3 (9th Cir. 2011)). Here, given the binding effect

---

1331).) Even if the covenant does not explicitly extend to ITC actions, Defendant
now should be judicially estopped from asserting otherwise.

[4] The parties have provided no briefing on whether the requirements of diversity
jurisdiction are met. 28 U.S.C. § 1332(a).

---

of the covenant, Plaintiff would have to manufacture a controversy between it and Defendant for the Court to have jurisdiction to hear this case. The Court infers from Plaintiff's failure to identify any current, live dispute in its opposition or at the hearing that no such dispute exists. Thus, no facts could cure the deficiencies in the complaint. Leave to amend would be futile.

## IV.    CONCLUSION

The Court dismisses Plaintiff's complaint without leave to amend. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**